# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **Nationwide General Insurance Company** : | |
| as subrogee of Soriya and Saron Chao : | Case No. 23-cv-206 |
| 1 W. Nationwide Boulevard, Suite 100 : | |
| Columbus, OH  43215 : | **Jury Trial Demanded** |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **Broan-Nutone, LLC** : | |
| 926 West State Street : | |
| Hartford, WI 53027 : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff, Nationwide General Insurance Company, as subrogee of Soriya and Saron Chao, through its undersigned counsel and for its Complaint against Defendant, Broan-Nutone, LLC, avers as follows.

## PARTIES

1. Plaintiff, Nationwide General Insurance Company, as subrogee of Soriya and Saron Chao, is a corporation, organized and existing under the laws of the State of Ohio, with its principal place of business at 1 West Nationwide Blvd., Suite 100, Columbus, OH  43215.

2. At all times material hereto, Plaintiff was authorized to issue insurance policies in the State of Rhode Island.

3. Defendant, Broan-Nutone, LLC, is a limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business at 926 West State Street, Hartford, WI 53027.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs of this action.

5. Venue is properly laid in this judicial district as the events giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff's insureds, Soriya and Saron Chao, owned the real property located at 47 Alvin Street, Providence, RI 02907 ("Subject Property").

7. At all times material hereto, Plaintiff provided insurance coverage to Soriya and Saron Chao with respect to the Subject Property.

8. At all times material hereto, Defendant was engaged in the business, *inter alia*, of designing, manufacturing, distributing, and/or selling ceiling exhaust fans.

9. At all times material hereto, Defendant designed, manufactured, distributed, and/or sold ceiling exhaust fans in the State of Rhode Island.

10. Prior to November 24, 2020, a ceiling exhaust fan/light/heater, and its replacement components, designed, manufactured, distributed, and/or sold by Defendant was installed in the first floor bathroom at the Subject Property ( the "Subject Fan").

11. At no point was the Subject Fan modified or altered.

12. On November 24, 2020, a fire originated in the Subject Fan (the "Fire").

13. The Fire was caused by a defect in the Subject Fan, with said defect causing the ignition of nearby combustibles.

14. The defects in the Subject Fan existed at the time the Subject Fan left Defendant's control.

15. As a direct and proximate result of the Fire, the Subject Property was severely damaged.

16. As a result of the damage from the Fire, Plaintiff's insureds submitted claims to Plaintiff pursuant to the Policy issued by the Plaintiff.

17. Pursuant to the terms of the Policy, Plaintiff paid its insured $364,236.59 for the damage resulting from the Fire.

18. By virtue of its payments, and in accordance with the common law principles of legal and equitable subrogation, as well as the terms of the Policy, Plaintiff is legally and equitably subrogated, to the extent of its payments, to its insured's right to recovery from Defendant.

## **COUNT I – NEGLIGENCE**

19. Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

20. Defendant had a duty to use due care in designing, manufacturing, distributing, and/or selling the Subject Fan.

21. Defendant breached its duty to use due care in designing, manufacturing, distributing, and/or selling the Subject Fan.

22. The Fire and resulting damage to the Subject Property were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant and/or its agents and/or employees, acting within the scope of their employment, as follows:

    A.    The Subject Fan was defectively designed and/or manufactured such that component parts were insufficient to prevent overheating from occurring in the event of a product failure;

    B.    The Subject Fan was defectively designed and/or manufactured such that the design of the Subject Fan allowed the Subject Fan to overheat, resulting in the ignition of combustible materials;

    C.    The Subject Fan contained inadequate warnings concerning its propensity to cause fires during intended use;

    D.    The Subject Fan was manufactured defectively in that it was inadequately assembled, inspected and/or tested;

    E.    The Subject Fan was designed, manufactured and distributed in a defective condition as it contained improper wiring;

    F.    The Subject Fan was designed, manufactured and distributed in a defective condition as it contained an improper motor application;

    G.    The Subject Fan was designed, manufactured and distributed without appropriate application of safety devices;

    H.    The Subject Fan was not properly tested or inspected before being introduced into the stream of commerce; and

    I.    The Subject Fan was in a defective condition and unreasonably dangerous to the Subject Property at the time it was introduced into the stream of commerce.

23.    As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiff's insured suffered damage.

WHEREFORE, Plaintiff demands a judgment against Defendant in the amount of $364,236.59, together with interest, the costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT II – STRICT LIABILITY

24.    Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

25. The Subject Fan was designed, produced, manufactured, sold, supplied, and/or distributed by Defendant.

26. Plaintiff's insured was a reasonably foreseeable user of the Subject Fan.

27. The Subject Fan was defective as designed and/or manufactured by Defendant.

28. The defect(s) in the Subject Fan existed at the time it left Defendant's control.

29. The defect(s) in the Subject Fan was the actual and proximate cause of the Fire and resultant damage.

30. Defendant is liable in this matter under the doctrine of strict liability as set forth in the Restatement 2d of Torts §402A, for the damage caused by the defect in the Subject Fan.

WHEREFORE, Plaintiff demands a judgment against Defendant in the amount of $364,236.59, together with interest, the costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT III – BREACH OF WARRANTY

31. Plaintiff incorporates the paragraphs preceding Count III as if fully set forth herein.

32. In supplying the ceiling exhaust fan, the Defendant impliedly warranted that the ceiling exhaust fan was fit for the ordinary purposes for which it was intended, and was of good and merchantable quality.

33. The Defendant breached its express and/or implied warranties by supplying a product unfit for its ordinary purposes, in that the ceiling exhaust fan posed a substantial and unreasonable risk of fire ignition and consequent damage to purchasers, users, property owners and/or consumers.

34.    As a direct and proximate result of the defective condition of the ceiling exhaust fan, plaintiff's insureds suffered substantial losses, for which the Defendant is liable in tort.

WHEREFORE, Plaintiff demands a judgment against Defendant in the amount of $364,236.59, together with interest, the costs of this action, and such other and further relief as this Court deems appropriate.

Dated:  May 16, 2023

                          Respectfully submitted,

                          Plaintiff,
NATIONWIDE GENERAL INSURANCE COMPANY, by its attorneys **Strauss, Factor, Laing & Lyons**

By: /s/ *Thomas W. Lyons*
Thomas W. Lyons #2946
One Davol Square, Suite 305
Providence, RI  02903
Tel:  401-456-0709
Fax:  401-421-4730
E:  tlyons@straussfactor.com
*Counsel for Plaintiff*

OF COUNSEL:
Paul R. Bartolacci
Cozen O'Connor
1650 Market Street,
Suite 2800
Philadelphia, PA   19103
215-665-2001